```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                              DEC - 7 2012

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES EARL BROWN,                  )  NO. CV 12-9999-GHK(E)
                                   )
            Petitioner,            )
                                   )
      v.                           )  ORDER DENYING AND DISMISSING
                                   )
THE STATE BAR OF CALIFORNIA,       )  PETITION WITHOUT PREJUDICE
et al.,                            )
                                   )
            Respondents.           )
_____)

      On November 21, 2012, Petitioner filed a "Petition for Writ of

Habeas Corpus by a Person in State Custody."  Petitioner's claims

appear to arise out of Petitioner's disbarment from practicing law in

the State of California, the events precipitating the disbarment, and

Petitioner's prior, unsuccessful state and federal litigation

concerning the disbarment and related events.  For the reasons

discussed below, it plainly appears from the face of the Petition that

Petitioner is not entitled to habeas relief from this Court.

Therefore, the Petition is denied and dismissed without prejudice,

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts.

1      Subject matter jurisdiction over habeas petitions exists only

2  where, at the time the petition is filed, the petitioner is "in

3  custody." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§

4  2241(c), 2254(a); <u>see</u> <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir.

5  2010) ("in custody" requirement is jurisdictional).   Contrary to

6  Petitioner's assertions, Petitioner is not "in custody" within the

7  meaning of 28 U.S.C. sections 2254(a) or 2241(c).   Petitioner's

8  disbarment, and any allegedly related obligation to reimburse former

9  clients or to make other payments associated with the disbarment, do

10  not render Petitioner "in custody" or otherwise confer habeas

11  jurisdiction on this Court.   <u>See</u> <u>Reiner v. Remington</u>, 217 Fed. App'x

12  681, 682 (9th Cir. 2007) (rejecting allegation that petitioner was in

13  custody due to his disbarment and the "consequences thereof");

14  <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183 (9th Cir. 1998), <u>cert.</u>

15  <u>denied</u>, 525 U.S. 1081 (1999) (revocation of license or imposition of

16  fine does not render petitioner "in custody" for habeas purposes;

17  dictum; citing cases); <u>Ginsberg v. Abrams</u>, 702 F.2d 48, 48 (2d Cir.

18  1983) (revocation of law license insufficient).

19

20      The Court declines to exercise its discretion to convert the

21  Petition into a civil rights complaint.   <u>See</u> <u>Wilwording v. Swenson</u>,

22  404 U.S. 249, 251 (1971) (per curiam); <u>Alford v. Doe</u>, 2009 WL 3712823,

23  at *1 (C.D. Cal. Oct. 30, 2009) (declining to convert mislabeled

24  habeas petition into civil rights action).   The habeas and civil

25  rights statutes differ in material ways.   <u>See generally</u>, <u>Naddi v.</u>

26  <u>Hill</u>, 106 F.3d 275, 276-77 (9th Cir. 1997).   To convert the present

27  Petition into a civil rights complaint would be an idle act.   For

28  example, in a civil rights complaint a plaintiff may not properly sue

1   the State Bar, <u>see</u> <u>Pennhurst State School & Hospital v. Halderman</u>, 465

2   U.S. 89, 100 (1984), this Court, <u>see</u> <u>Federal Deposit Ins. Corp. v.</u>

3   <u>Meyer</u>, 510 U.S. 471, 475 (1993), a state court judge acting in his or

4   her judicial capacity, <u>see</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991)

5   (per curiam), or a prosecutor acting in his or her prosecutorial

6   capacity, <u>see</u> <u>Kalina v. Fletcher</u>, 522 U.S. 118, 123-25, 131 (1997).

7   Thus, many if not all of the putative Respondents referenced in

8   Petitioner's papers would not be proper defendants to a civil rights

9   complaint.

10

11       Moreover, this Court lacks jurisdiction over any challenge to the

12   rulings of a state court, including the California Supreme Court's

13   disbarment order.  <u>See</u> <u>Dist. of Columbia Court of Appeals v. Feldman</u>,

14   460 U.S. 462, 486-87 (1983); <u>Ignacio v. Judges of the United States</u>

15   <u>Court of Appeals for the Ninth Circuit</u>, 453 F.3d 1160, 1165-66 (9th

16   Cir. 2006); <u>Mothershed v. Judges of the Supreme Court</u>, 410 F.3d 602,

17   607-08 (9th Cir. 2005).  For this reason as well, relief from this

18   Court is unavailable.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    For the foregoing reasons, the Petition is denied and dismissed

2    without prejudice.

3

4    DATED:    _____12/7/12_____.

5

6

7                                        _____

8                                        GEORGE H. KING
                                         CHIEF UNITED STATES DISTRICT JUDGE

9

10   Presented this 5th day

11   of December, 2012, by:

12

13

14   _____

15   CHARLES F. EICK
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28